## In the Matter of Samuel Carver.

Suffolk.　March 10, 1916. — May 18, 1916.

Present: Rugg, C. J., Loring, Braley, De Courcy, & Pierce, JJ.

*Attorney at Law. Disbarment Proceedings*, Exceptions, Appeal. *Practice, Civil*, Disbarment proceedings. *Rules of Court.*

If the respondent in proceedings for the disbarment of an attorney at law, who at the hearing on the petition made no requests for rulings and took no exceptions, sixteen days after an order by the trial judge disbarring him procures an extension of time for the filing of a bill of exceptions and then within the extended time files a bill of exceptions in which for the first time he claims an exception

to the findings and order of the judge, Rule 45 of the Superior Court requires that the bill shall be disallowed.

Under Rule 44 of the Superior Court, a clerk of the Superior Court must decline to enter an appeal by a respondent from an order entered in disbarment proceedings if the appeal is not presented within twenty days after the order is made.

No exception lies, at the hearing of a motion for a new trial, to a ruling upon a question which was or might have been raised at the trial.

The Superior Court, both under R. L. c. 165, § 44, and inherently, has power to remove an attorney at law from his office, not only because of misconduct directly connected with his official duties, but also for such criminal or gross wrongdoing as makes manifest his unfitness to exercise the duties of his office.

In the present case, it was *held* to have been proper to order the disbarment of an attorney where it appeared that he had undertaken, as counsel and advisor of a man and his wife, to invest their money in mortgages on real estate, that mortgage notes amounting to $3,200 given for the money were fictitious and that none of them was secured by a mortgage, that the attorney fraudulently had converted to his own use the money so entrusted to him and had given the notes for the purpose of deceiving the man and his wife, that a check which he later gave them was dishonored and that a large part of the money remained unpaid at the time of the hearing.

The respondent in disbarment proceedings has no right to a trial by jury.

DE COURCY, J.   The Bar Association of the City of Boston on January 29, 1915, filed in the Superior Court a petition alleging misconduct on the part of the respondent, an attorney at law, and asking for his disbarment.   A hearing was had before a judge of that court * on June 21 and 22, at which the respondent was represented by counsel, and testified as a witness.   No exceptions were taken, and no requests for rulings were made, during the trial or at its conclusion. †   On July 1, 1915, the judge filed a memorandum of findings of fact and made an order of disbarment.

1. The substitute bill of exceptions filed January 19, 1916, and the one originally filed August 12, 1915,‡ should have been disallowed.   "No exception shall be allowed by the presiding jus-

---

* *Fessenden*, J.

† The substitute bill of exceptions filed on January 19, 1916, contained the following statement: "No exceptions or requests for rulings were made during the trial or thereafter, except the respondent's bill of exceptions was filed on August 12, 1915, in which the respondent prays that his exception herein stated to the final findings and decision of the court may be allowed."

‡ The time for the filing of the bill of exceptions was extended by the court on July 17, 1915, to August 12.

tice, unless the same be alleged and saved at the time when the opinion, ruling, direction, or judgment excepted to is given." Rule 45 of the Superior Court. R. L. c. 173, § 106. *Graves* v. *Hicks*, 194 Mass. 524.

2. An appeal from the order of disbarment was presented for filing on November 17, 1915. The clerk properly declined to enter it, as the time allowed for filing an appeal had long expired. Rule 44 of the Superior Court.

3. A motion for a new trial was filed October 18, 1915, and was denied on January 19, 1916. On February 10, 1916, the respondent presented for filing an appeal therefrom. As this was not within the time allowed by Rule 44, it was not entered, and is not before us. And see *Boston Bar Association* v. *Scott*, 209 Mass. 200, 204.

Exceptions also were filed on February 1, 1916, based on the refusal by the judge of certain rulings requested by the respondent at the hearing on his motion for a new trial. Under our system a question of law that was, or that might have been, raised at the trial, cannot be raised upon a motion to grant a new trial. The exceptions "upon a motion for a new trial" provided for by R. L. c. 173, § 106, are to rulings on questions arising for the first time at the hearing on that motion. *Loveland* v. *Rand,* 200 Mass. 142. As we construe the certificate of the trial judge he did not allow the exceptions, but merely certified that the bill of exceptions truthfully set out the facts, if as matter of law the respondent was entitled to exceptions.

4. The respondent filed a motion in arrest of judgment * October 18, 1915, more than three months after the order of disbarment was made. Aside from the fact that it was filed too late (see *Dean* v. *Ross*, 178 Mass. 397) his claim of appeal from the denial of the motion was not presented within the time allowed, and was not entered; and further, there is no merit in the point

---

* The grounds of this motion were that "(1) there is no legal and authorized decision upon the evidence of which the respondent has had notice or any legal or authorized finding upon which to base an *order* for a Judgment upon which to base and enter a Judgment; (2) that it is unauthorized and unlawful to file or enter an *order* for a Judgment, until at least 3 full legal days have elapsed and especially from the same time as the decision or finding; (3) and because the respondent has had no hearing upon what the Judgment should be."

sought to be raised by the bill of exceptions filed thereon. See R. L. c. 173, § 118.

Even assuming that the evidence and findings of fact were properly before us, we are of opinion that the order of disbarment was justified, and that the respondent has not been deprived of his legal rights in the proceedings. The judge found that the respondent undertook, as counsel and advisor of William Blum and Phoebe Blum, to invest their money in mortgages on real estate in Boston; that the mortgage notes purporting to be made by Edgar H. Anderson, Charles A. Foster and Samuel Jacobs, amounting in all to $3,200 were fictitious, and that none of them was secured by mortgage; that the respondent fraudulently converted to his own use the money so entrusted to him, and gave the notes for the purpose of deceiving and defrauding said William and Phoebe Blum; that a check which he later gave them was dishonored; and that a large part of the money remained unpaid at the time of the hearing.

An attorney is an officer of the court, exercising a privilege or franchise during good behavior. The court has power, not only under R. L. c. 165, § 44, but inherently, to suspend or remove him from his office as an attorney in the courts upon good cause shown and after proper judicial proceedings. Ordinarily the cause is misconduct directly connected with his official duties; but it may be such criminal or gross wrongdoing as makes manifest his unfitness to exercise the duties of his office. The proceedings were properly instituted by the bar association; the respondent was specifically informed of the misconduct of which he was accused; he was represented by able counsel at the trial; the charges were established after a full and fair hearing, in which he participated without making any objection thereto; and he was not entitled to a trial by jury. *Ex parte Wall,* 107 U. S. 265. *Randall, petitioner,* 11 Allen, 473. *O'Connell, petitioner,* 174 Mass. 253. *Boston Bar Association* v. *Greenhood,* 168 Mass. 169. *Boston Bar Association* v. *Casey,* 213 Mass. 549. Ann. Cas. 1913 D 1162, note.

The exceptions and appeals are dismissed, and the order of disbarment is to stand.

*So ordered.*

The case was submitted on briefs.

*S. Carver,* pro se.

*G. D. Burrage,* for the petitioner.