IN THE MATTER OF FRANK STERN.

Suffolk.    December 10, 1937. — December 27, 1937.

Present: RUGG, C.J., FIELD, LUMMUS, QUA, & COX, JJ.

*Superior Court*, Jurisdiction. *Attorney at Law. Practice, Civil*, Disbarment proceedings.

A judge of the Superior Court sitting in a session for the transaction of criminal business had jurisdiction to disbar an attorney.

Jurisdiction of the Superior Court to disbar an attorney is inherent, and process for its exercise may be initiated by the court of its own motion without the filing of a petition under G. L. (Ter. Ed.) c. 221, § 40.

In disbarment proceedings initiated by a judge of the Superior Court of his own motion after the respondent had pleaded guilty to larceny before him, the record showed that the respondent was given a hearing.

ORDER OF NOTICE, issued from the Superior Court by order of *Gibbs*, J., directing the respondent to show cause why he should not be disbarred.

An order of disbarment was made. The respondent alleged exceptions.

*F. Stern, pro se*, submitted a brief.

Cox, J.   The respondent, a member of the bar, pleaded guilty in the Superior Court to two indictments charging the larceny of $11,400.   The indictments were placed on file.   Thereafter, by order of court and upon its own motion, the order reciting in effect that the respondent had pleaded guilty to these indictments and that it appeared that he was a member of the bar, order of notice issued requiring him to appear before the court for the transaction of criminal business on a stated day and show cause why he should not be disbarred from further practice in the courts of the Commonwealth.   The respondent appeared as directed and, as he alleges in his bill of exceptions, "after a hearing" an order of disbarment was entered.   The judge who heard the disbarment proceedings was the same judge before whom the respondent had entered his pleas of guilty.   The bill of exceptions further recites that the respondent alleges the court, "by virtue of its inherent power to control the conduct of its affairs, has a summary jurisdiction to inquire into the conduct of its officers, and to deal with an attorney found to have committed any evil practice contrary to justice and honesty," but he excepted to the order of disbarment, "since there was no hearing held by the court to determine by evidence whether or not the respondent had committed any or all of the alleged crimes in the said criminal cases, and since the disbarment proceeding against the respondent has been so conducted that he has been deprived of due process of law."

The respondent, for the first time, raises in this court the question of jurisdiction.   It is open to him.   *Matter of Mayberry*, 295 Mass. 155.   His precise point is that the Superior Court, in a session held for the transaction of criminal business, had no jurisdiction to hear the matter.   The Superior Court is a court of original and general jurisdiction and possesses the inherent powers of such a court under the common law, unless expressly limited, as well as those conferred by statute.   *Commonwealth* v. *Kemp*, 254 Mass. 190.   G. L. (Ter. Ed.) c. 212.   While it is true that a proceeding such as this is civil and not criminal in character, *Matter of Mayberry*, 295 Mass. 155, yet this characteristic has generally

been confined to questions of evidence, the required amount of proof and other matters of procedure. *Matter of Keenan,* 287 Mass. 577. *Matter of Ulmer,* 268 Mass. 373. In the case of *Randall, petitioner,* 11 Allen, 473, the proceedings for disbarment, which were complained of but were upheld, were had in the Superior Court held for the transaction of criminal business, although no jurisdictional question was raised. As was said in *Boston Bar Association* v. *Casey,* 211 Mass. 187, at page 192, "A proceeding for disbarment is simply the exercise of jurisdiction over an officer, an inquiry into his conduct not for the purpose of granting redress to a client or other person for wrong done, but only for the maintenance of the purity and dignity of the court by removing an unfit officer. As stated . . . in *Fairfield County Bar* v. *Taylor,* 60 Conn. 11, 15, '[The proceedings are] an investigation by the court into the conduct of one of its own officers, not the trial of an action or suit.'" We think the Superior Court properly exercised its jurisdiction.

The respondent further alleges that inasmuch as no petition under G. L. (Ter. Ed.) c. 221, § 40, was filed for his removal, the Superior Court was without jurisdiction to hear and determine the matter. The decision in *Randall, petitioner,* 11 Allen, 473, is decisive on this point and against the respondent's contention. See *Opinion of the Justices,* 279 Mass. 607, at page 610, where the justices say, "The inherent jurisdiction of the judicial department of government over attorneys at law is illustrated in several of our decisions to the effect that power to remove an attorney for misconduct, malpractice, or deficiency in character, although recognized by statute (G. L. c. 221, § 40, as amended by St. 1924, c. 134), is nevertheless inherent and exists without a statute. *Randall, petitioner,* 11 Allen, 472. *Matter of Carver,* 224 Mass. 169, 172, and cases cited. *Matter of Ulmer,* 268 Mass. 373, 397, and cases cited."

Finally the respondent alleges that he was not given a hearing on the charges. His right to a hearing is unquestioned. *Matter of Sleeper,* 251 Mass. 6. His bill of exceptions sets out, "The respondent alleges that . . . the said court, after a hearing . . . ." The order of court recites

". . . and whereas . . . said Stern appeared before said court with counsel in response to said notice, the said court after a hearing took the matter under advisement, and . . . ordered that said Stern be disbarred . . . ." At the disbarment proceedings, his counsel admitted that the respondent pleaded guilty "as stated." On May 24, 1937, a judge of the Superior Court had heard the respondent plead guilty to the larceny indictments, and, on June 9 following, that same judge was called upon to hear whether, because of those pleas, the respondent should be disbarred. The record shows that the respondent had a hearing.

*Exceptions overruled.*