## WILFRED B. KEENAN, petitioner.

Suffolk.    May 15, 1940. — October 31, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Attorney at Law.  Superior Court,* Jurisdiction.  *Jurisdiction,* Admission to bar.  *Practice, Civil,* Admission to bar, Disbarment, Report, Parties.  *Constitutional Law,* Separation of powers of government, Judiciary.  *Rules of Court.  Supreme Judicial Court,* Rules of court.  *Words,* "Admission."

The question, whether the Superior Court had jurisdiction of a petition by a disbarred lawyer for admission to the bar, properly was before this court upon a report thereof under G. L. (Ter. Ed.) c. 231, § 111, irrespective of whether a bar association, which had appeared in response to an order of notice issued to it and had sought to raise that question, had standing to do so.

A final and absolute decree of disbarment of an attorney at law did not deprive the judicial department of jurisdiction to readmit him.

A petition for admission to the bar by one who has been disbarred is not a continuation of the disbarment proceeding, but is a new and independent proceeding involving a new inquiry as to whether, in the interval following the disbarment, the petitioner has become a proper person to hold the office of a member of the bar.

Control of membership in the bar of the courts of the Commonwealth, both through admission thereto and through removal therefrom, is exclusively in the judicial department of the government, and legislative interference therewith would be unconstitutional under art. 30 of the Declaration of Rights.

Although § 37 of G. L. (Ter. Ed.) c. 221, contains no express reference to a previously disbarred person, its terms are sufficiently comprehensive to include such a person among those who may petition for admission to the bar and, if qualified, may be admitted.

Section 37 of G. L. (Ter. Ed.) c. 221, conferring upon the Superior Court concurrently with the Supreme Judicial Court jurisdiction to admit

persons to the bar, interpreted as including among such persons a previously disbarred person, is not unconstitutional as an interference by the legislative department with the judicial department or with the constitutional powers of the Supreme Judicial Court, at least until the Supreme Judicial Court otherwise fixes the jurisdiction of that subject matter.

The Supreme Judicial Court has not by its rules excluded the Superior Court from jurisdiction of a petition by a disbarred attorney for admission to the bar.

PETITION, filed in the Superior Court on December 28, 1939, and afterwards amended.

The case was reported by *Buttrick*, J.

*P. N. Jones*, (*J. S. Dawson* with him,) for the Bar Association of the City of Boston.

*K. D. Johnson*, for the petitioner.

FIELD, C.J. This is a petition for admission to the bar by a person who was disbarred by a judgment of the Supreme Judicial Court, entered by a single justice of the court on October 19, 1934, after rescript from the full court. See *Matter of Keenan*, 287 Mass. 577. The petition was filed in the Superior Court. An order of notice was issued thereon to the Bar Association of the City of Boston. Upon objection by the association to the jurisdiction of the Superior Court to hear the petition, a judge of that court ruled that it had jurisdiction of the petition and entered an order overruling the objection. The judge reported the jurisdictional question to this court under G. L. (Ter. Ed.) c. 231, § 111. In these circumstances, no question is presented of the right of the association — not technically a party to the proceeding, see *Boston Bar Association* v. *Casey*, 211 Mass. 187; S. C. 213 Mass. 549, 556 — to except. See *Matter of Mayberry*, 295 Mass. 155, 160. The jurisdictional question is here upon the report of the trial judge.

1. The judgment of the Supreme Judicial Court entered on October 19, 1934, was that the present petitioner "is removed from the office of an attorney at law in the courts of this Commonwealth." This judgment, as is apparent, was not restricted to exclusion of the present petitioner from practice before the court entering it. It is too late to contend — and it is not contended — that the Supreme

Judicial Court did not have jurisdiction to enter a judgment in this broad form. See *Boston Bar Association* v. *Greenhood*, 168 Mass. 169, 182–183; *O'Connell, petitioner*, 174 Mass. 253, 262. And the judgment was absolute without limitation of time. See *Boston Bar Association* v. *Greenhood*, 168 Mass. 169, 183. It was final and subject to review only in accordance with principles applicable to the review of final judgments. *Boston Bar Association* v. *Casey*, 227 Mass. 46, 51. *Matter of Keenan*, 287 Mass. 577, 582. Compare *Matter of Mayberry*, 295 Mass. 155, 161. Nevertheless, a party so removed from the office of attorney is not, by force of such a final judgment, though unreversed, precluded from applying "for readmission if his offence was of such a kind that, after a lapse of time, he can satisfy the court that he has become trustworthy." *Boston Bar Association* v. *Greenhood*, 168 Mass. 169, 183. This is in conformity with the general principle that the control of membership in the bar rests exclusively in the judicial department. See *Opinion of the Justices*, 279 Mass. 607, 609, 611; 289 Mass. 607, 612, 615. The jurisdiction of the judicial department with respect to membership of a particular person in the bar is not exhausted by a final judgment, favorable or adverse to such person, in a proceeding for his disbarment. See *Matter of Mayberry*, 295 Mass. 155, 160. The present petitioner does not seek by his petition review of the final judgment of removal from his office as an attorney at law, but, in accordance with the statement just quoted, seeks readmission to the bar.

2. The present proceeding is a new proceeding for admission to the bar, subject to the limitations of procedure and substance resulting from the fact that the petitioner by a final judgment has been "removed from the office of an attorney at law in the courts of this Commonwealth." The present proceeding is not a continuation of the prior proceeding culminating in such a final judgment. It is brought under the jurisdiction of the judicial department to control membership in the bar, which continues though a particular proceeding has been terminated by a final judgment. This conclusion is in accord with the decision in *Matter of*

*Mayberry*, 295 Mass. 155, 160–161. That case was a proceeding for disbarment in which an order for judgment was entered on October 5, 1933, that the proceeding be dismissed. Subsequently the case was heard de novo. This court held that the order for judgment was not final and that the later action of the court "in ordering a hearing de novo was a step in the further progress of the case which the court had power to take." But the court further said that "we need not rest this decision upon technical niceties of practice, for even if the order of October 5, 1933, had been a final judgment, it would not follow in a case of this kind that the court was without jurisdiction to entertain the later proceedings. . . . If, as the respondent contends, the order of October 5 was a final judgment in his favor ending the original proceeding against him," the further action including the assignment of the matter "for hearing de novo was the commencement of a new proceeding against the respondent. That proceeding was within the general jurisdiction of the court. . . . The existence of a former judgment in favor of the respondent could not affect the jurisdiction of the court to hear the second proceeding. At most it could be no more than an affirmative defence in the nature of res judicata to be seasonably set up and proved by the respondent." This principle is equally applicable when a final judgment in a proceeding for disbarment is adverse to the respondent.

A petition of a disbarred person for admission to the bar is not to be regarded as a continuation of the proceeding in which he was disbarred, on the ground that such admission would be a modification of punishment imposed by the judgment of disbarment. A judgment of removal from the office of an attorney in the courts is not properly or technically to be considered as in the nature of punishment — though it may have that practical effect. Its purpose is to exclude from the office of an attorney in the courts, for the preservation of the purity of the courts and the protection of the public, one who has demonstrated that he is not a proper person to hold such office. *Randall, petitioner*, 11 Allen, 473, 480. *Boston Bar Association* v. *Greenhood*, 168

Mass. 169, 183, 188. *Matter of Carver*, 224 Mass. 169, 172. *Matter of Ulmer*, 268 Mass. 373, 393. *Matter of Keenan*, 287 Mass. 577, 582. A final judgment of removal from such office rendered by a court of competent jurisdiction is binding upon all the courts of the Commonwealth and constitutes an adjudication that, at the time it was rendered, the attorney so removed was not a proper person to hold such office. A subsequent petition for admission to the bar involves a new inquiry as to whether, in the interval following the rendering of the judgment of removal, the petitioner has become a proper person to hold such office. *Boston Bar Association* v. *Greenhood*, 168 Mass. 169, 183.

It is to be observed — by way of analogy — that even statutory proceedings for review of final judgments are regarded as new and independent proceedings, though the statutes in some instances, but not in all, provide that such a proceeding for review shall be brought in the court in which the judgment was entered. See G. L. (Ter. Ed.) c. 250, §§ 13, 15, 22; *Clarke* v. *Bacall*, 171 Mass. 292; *Perkins* v. *Bangs*, 206 Mass. 408, 412; *Lee* v. *Fowler*, 263 Mass. 440, 443; *Lynch* v. *Springfield Safe Deposit & Trust Co.* 300 Mass. 14, 16. Compare, however, G. L. (Ter. Ed.) c. 250, § 14; *Boston* v. *Santosuosso*, 308 Mass. 189, 194; *Boston* v. *Santosuosso*, 308 Mass. 202, 211–213.

The conclusion that the present proceeding is a new and independent proceeding, and not a continuation of the proceeding in which the judgment of disbarment was rendered, is in accord with cases in some other jurisdictions. See *In re Newton*, 27 Mont. 182, 183; *Vaughan* v. *State Bar of California*, 208 Cal. 740, 742; *In re Lavine*, 2 Cal. (2d) 324, 328. So far as there are decisions and expressions in opinions in cases in some other jurisdictions in conflict with what is here decided we cannot follow them. See *Ex parte Peters*, 195 Ala. 67, 68; *In re King*, 54 Ohio St. 415, 417.

We conclude that the Superior Court is not without jurisdiction of the present petition on the ground that it is a continuation of the proceeding in the Supreme Judicial Court in which the judgment of disbarment was rendered.

3. Treating the present proceeding for admission to the

bar, therefore, as a new proceeding, independent of the proceeding in which a final judgment of disbarment was rendered against the present petitioner, the questions arise (1) whether the Superior Court has any jurisdiction of petitions for admission to the bar by persons who have been disbarred, and (2) whether, if it has any such jurisdiction, that jurisdiction extends to a petition of a person who has been disbarred by a judgment of the Supreme Judicial Court.

4. Control of membership in the bar of the courts of the Commonwealth, both of admission thereto and of removal therefrom, is exclusively in the judicial department of the government of the Commonwealth. Interference therewith by the legislative department would conflict with the provision of art. 30 of the Declaration of Rights that "the legislative department shall never exercise the executive and judicial powers, or either of them." This principle was stated in *Opinion of the Justices*, 279 Mass. 607, 608–611, and in *Opinion of the Justices*, 289 Mass. 607, 612–613, 615. In the former opinion it was said: "It is an inherent power of . . . [the judicial department] ultimately to determine the qualifications of those to be admitted to practice in its courts, for assisting in its work, and to protect itself in this respect from the unfit, those lacking in sufficient learning, and those not possessing good moral character. . . . No sound distinction can be drawn with respect to attorneys at law between the power to admit and the power to remove under the terms of the Constitution. . . . No statute can control the judicial department in the performance of its duty to decide who shall enjoy the privilege of practicing law. . . . There is no power in the General Court to compel the judicial department to admit as attorneys those deemed by it to be unfit to exercise the prerogatives and to perform the duties of an attorney at law." And in the latter opinion it was said: "It is inherent in the judicial department of government under the Constitution to control the practice of the law, the admission to the bar of persons found qualified to act as attorneys at law and the removal from that position of those once admitted and found to be unfaithful

to their trust. . . . Permission to practise law is within the exclusive cognizance of the judicial department." While such opinions rendered in compliance with c. 3, art. 2, of the Constitution of the Commonwealth "are not binding authorities but are subject to reëxamination and revision if and when the points considered are raised in litigation" (*Mayor of Lynn* v. *Commissioner of Civil Service*, 269 Mass. 410, 413), on reëxamination we adhere to the statements above quoted and other statements in those opinions bearing upon the points now raised. Indeed, there is no contention by counsel in the present case that those statements do not represent the law. It is unnecessary to repeat in detail the reasoning of those opinions.

5. The petitioner, in support of his contention that the Superior Court has jurisdiction of the petition, relies upon G. L. (Ter. Ed.) c. 221, § 37, which provides in part that a "citizen of the United States, whether man or woman, may, if over twenty-one, file a petition in the supreme judicial or superior court to be examined for admission as an attorney at law, and, if found qualified, to be admitted as such." While G. L. (Ter. Ed.) c. 221, § 40, provides that an "attorney may be removed by the supreme judicial or superior court" upon certain stated grounds, there is no statutory reference in express terms to admission to the bar of a person who has been so removed. The contention that the Superior Court has no jurisdiction of the present petition — apart from the contention that such petition is a continuation of the proceeding in the Supreme Judicial Court in which the judgment of disbarment was rendered, which has already been considered — is based upon three grounds: (a) that G. L. (Ter. Ed.) c. 221, § 37, properly interpreted, does not apply to a person who has been disbarred, (b) that if the statute does so apply it is unconstitutional as an interference by the legislative department with the exercise by the judicial department of its exclusive jurisdiction over admission to the bar, and (c) that the Supreme Judicial Court by valid rules has provided in effect that it shall have exclusive jurisdiction to admit to the bar a person who has been disbarred.

6. The terms of G. L. (Ter. Ed.) c. 221, § 37,[1] are sufficiently comprehensive to include a person who has been disbarred. Though there is no express reference in the section to a disbarred person, such a person is not excluded from its application expressly or by necessary implication.

The phrase a "citizen of the United States, whether man or woman . . . if over twenty-one" is broad enough to include a person who has been disbarred. See also G. L. (Ter. Ed.) c. 221, § 38A.

The provision that such a citizen "may . . . file a petition" for examination and admission as an attorney at law does not import that every such citizen shall be admitted. A statutory provision to that effect clearly would constitute interference by the legislative department with the judicial department. *Opinion of the Justices*, 279 Mass. 607, 611; 289 Mass. 607, 613. Even permitting every such citizen to file a petition, if not subject to the order of the court, might constitute such interference. But the statute, if fairly possible, is to be interpreted "so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score." *United States* v. *Jin Fuey Moy*, 241 U. S. 394, 401. *Swift* v. *Registrars of Voters of Quincy*, 281 Mass. 271, 282. In accordance with this principle the statute is to be interpreted as "making provision in aid of the judicial department in reaching a proper selection of those qualified for admission as attorneys to practice in the courts" (*Opinion of the Justices*, 279 Mass. 607, 610), and not as interfering with the judicial department in the performance of its duties. The filing of a petition is impliedly, as other steps in the proceeding for admission are expressly, subject to the action of the court. In this respect the statute is somewhat comparable to G. L. (Ter. Ed.) c. 221,

---

[1] G. L. (Ter. Ed.) c. 221, § 37, reads as follows: "A citizen of the United States, whether man or woman, may, if over twenty-one, file a petition in the supreme judicial or superior court to be examined for admission as an attorney at law, and, if found qualified, to be admitted as such; whereupon, unless the court otherwise orders, the petition shall be referred to the board of bar examiners to ascertain his acquirements and qualifications. If the board reports that the petitioner is of good moral character and of sufficient acquirements and qualifications, and recommends his admission, he shall be admitted unless the court otherwise determines, and thereafter may practice in all the courts of the commonwealth."

§ 40, which provides for removal of an attorney from his office on certain specified grounds, and has been held constitutional (*Boston Bar Association* v. *Casey*, 213 Mass. 549, 557), but as not limiting the power of the judicial department to removal on the grounds specified. *Boston Bar Association* v. *Greenhood*, 168 Mass. 169, 182–183. The statute also resembles statutes relating to the exercise of the powers of the executive department. For example, it was said in *Kennedy's Case*, 135 Mass. 48, 51, with respect to the executive power of pardoning offences: "This power is not derived from legislation, and it is quite clear that, under any pretence of regulating its exercise, the executive authority could not be deprived of its constitutional rights in relation thereto, but provision may be made by legislation, which shall render the exercise of such a power convenient and efficient." See also *Juggins* v. *Executive Council*, 257 Mass. 386, 388. And see *Opinion of the Justices*, 210 Mass. 609, 612. (It is unnecessary to consider whether the provision here under consideration may also be regarded as an exercise of the legislative power to fix the minimum "qualifications and accomplishments" of a person for admission to the bar. *Opinion of the Justices*, 279 Mass. 607, 610–611.) The provision as here interpreted is equally applicable to an applicant for admission whether or not he has previously been disbarred. It does not prevent the judicial department from imposing procedural and substantive conditions upon the admission as an attorney of a person who has been disbarred different from those imposed upon a person applying for original admission. The failure of the statute to impose such different conditions does not import that they may not be imposed by the judicial department or that the statute was not intended to apply to persons who have been disbarred.

The provision of said § 37 that the applicant shall file a petition "to be examined for admission as an attorney at law" as well as "to be admitted as such" "if found qualified" is not inapplicable to a person who has been disbarred. The words "admission" and "admitted" are not inapt as applied to a person who has been disbarred, al-

though with respect to such a person the words "readmission" and "reinstatement" are sometimes used. See Rules 3 and 5 of the Supreme Judicial Court in Relation to Attorneys, as amended. 292 Mass. 589, 590–591. Compare *Sullivan, petitioner*, 185 Mass. 426; *De Propper, petitioner*, 236 Mass. 500, 501.

Moreover, the examination petitioned for is examination by the court — which, of course, may act through proper instrumentalities — and not necessarily examination by the board of bar examiners. Indeed, for years previous to the establishment of the board of bar examiners by St. 1897, c. 508, the statute provided for a petition by the applicant "to be examined for admission as an attorney." St. 1876, c. 197, § 1. Pub. Sts. c. 159, § 34. And prior to St. 1876, c. 197, there was a like provision applicable to some, but not all, applicants for admission. Rev. Sts. c. 88, § 20. Gen. Sts. c. 121, § 29. See also Rev. Sts. c. 88, § 19; Gen. Sts. c. 121, § 28. Apparently, under the statutes in force before the board of bar examiners was established, the examination for which an applicant for admission as an attorney was required to petition was an examination of his "acquirements and qualifications" other than his moral character. By the terms of these statutes, however, the possession of "good moral character" was a condition precedent to filing the petition. And under Rev. Sts. c. 88, § 19, and Gen. Sts. c. 121, § 28, when an applicant for admission, by reason of the course of study pursued by him, was not required to petition for examination, the possession of "good moral character" was a condition precedent to admission. Nevertheless, it was necessarily implied by those statutes that the court should examine into the moral character of an applicant for admission even though such examination was not the subject of a petition. Even if the examination to be petitioned for was merely an examination of the applicant's "acquirements and qualifications" other than moral character, there is no implication that the provision for such a petition was inapplicable to a person who had been disbarred. Clearly, no person who has been disbarred should be again admitted to the bar if he does not

possess the qualities essential to original admission, though, conceivably, requirements as to a particular course of study might not be applicable. By the terms of Rev. Sts. c. 88, §§ 19, 20, and Gen. Sts. c. 121, §§ 28, 29, the requirement that there be a petition "to be examined for admission as an attorney" applied only to a person who had not pursued a prescribed course of study. By the statutes in force since the establishment of the board of bar examiners by St. 1897, c. 508, including the present statute, the possession of "good moral character" is not stated as a condition precedent to filing a petition for examination and there are some indications in those statutes that the examination to be petitioned for includes examination into the moral character of the petitioner. Obviously an examination into the moral character of a petitioner is essential where such petitioner has been disbarred. And, as already indicated, an examination into his "acquirements and qualifications," other than his moral character, is appropriate. That this is true has been recognized both by the Supreme Judicial Court and by the Superior Court in their rules in relation to attorneys. Rules 3 and 5 of the Supreme Judicial Court in Relation to Attorneys, as amended. 292 Mass. 589, 590–591. Rules 104 and 105, as amended, of the Superior Court (1932).

The provision in G. L. (Ter. Ed.) c. 221, § 37, for reference of the petition "unless the court otherwise orders" to the board of bar examiners "to ascertain . . . [the petitioner's] acquirements and qualifications," and the further provision that if "the board reports that the petitioner is of good moral character and of sufficient acquirements and qualifications, and recommends his admission, he shall be admitted unless the court otherwise determines," though doubtless particularly applicable to the ordinary case of a petition for original admission as an attorney, are not necessarily inappropriate to the case of a petition by a disbarred person. The statute in terms leaves the question whether a petition shall be referred to the board of bar examiners for a report and the disposition of the petition upon the report, if one is made, wholly in the hands of the court. Under the terms of the statute, if the court is of opinion

that a report of the board of bar examiners would not be helpful in the performance of its function with respect to the admission to the bar of a person who has been disbarred, the court may dispense with such a report. No implication that the statute is not intended to apply to a petition of a person who has been disbarred can rightly be drawn from the provision for reference of petitions to the board of bar examiners.

Furthermore, the provision of said § 37 that the petition may be filed "in the supreme judicial or superior court" does not indicate that the section is inapplicable to a petition of a person who has been disbarred. No reason is apparent why the provision is not as fully applicable to a petition by such a person as to a petition for original admission, at least if the court in which the petition is filed is the court in which the judgment of removal from office was rendered. And even that limitation is not fairly to be implied from the terms of the statute since, as we hold, the petition of a disbarred person for admission as an attorney is not a continuation of the proceeding in which the judgment of removal was rendered, but a new and independent proceeding. That judgment was a final disposition of the case and is a matter of record available for the use of any other court in accordance with the principles of res judicata. In legal theory any other court is in as good a position to deal with the matter in a new and independent proceeding as would be the court that rendered the judgment.

7. General Laws (Ter. Ed.) c. 221, § 37, interpreted as a statute in aid of the judicial performance of the duties with relation to admission of persons to the office of an attorney in the courts, and as including a disbarred person within its scope, is not unconstitutional as an interference by the legislative department with the judicial department. No further discussion of this subject beyond that incorporated in the consideration of the interpretation of the section is required with respect to any part of the section other than the provision therein that a petition for admission as an attorney may be filed in the Superior Court. The argument against the constitutionality of conferring jurisdiction

of such a petition on the Superior Court is directed in this case purely against such a petition filed by a person who has been disbarred. But, in our opinion, there is no sound distinction on constitutional grounds between such a petition and a petition for original admission. Such a distinction cannot be based on the ground that authorizing the filing of a petition by a disbarred person constitutes interference with a pending proceeding, in view of the fact that such a petition is a new and independent proceeding.

The jurisdiction of the Superior Court of a petition of a disbarred person for admission as an attorney does not appear to have been challenged previously. Indeed, in *Sullivan, petitioner*, 185 Mass. 426, 427, the Superior Court exercised such jurisdiction upon the petition of a person, disbarred by that court, for "reinstatement and readmission as an attorney," and made an "order" that the petition be "denied without prejudice to his filing another petition of like tenor" after a certain future date. On appeal to this court this "order" was "affirmed." This court, in its opinion, made no suggestion that the Superior Court was without jurisdiction of the petition but dealt with it on its merits, said that the "only question of law before us is whether, as the petitioner contends, that part of the order which relates to the filing of another petition is illegal," construed the "order," and held the "order," as so construed, to be "free from legal objection." No reference was made to the statute then in force relating to petitions for admission to the bar (R. L. c. 165, § 43, as affected by St. 1904, c. 355, § 3) which, with respect to the jurisdiction of the Superior Court, was the same as G. L. (Ter. Ed.) c. 221, § 37. Doubtless the assumption of this court that the Superior Court had jurisdiction of the petition — such jurisdiction apparently not being challenged by either party — without noting, so far as appears, that any question of jurisdiction was involved, may not be of great weight as an authority in support of the jurisdiction, statutory or inherent, of the Superior Court of such a petition. But it is hardly to be thought that this court overlooked the point. See *Baldwin* v. *Wilbraham*, 140 Mass. 459; *Assessors of*

*Boston* v. *Suffolk Law School*, 295 Mass. 489, 495; *Fidelity &
Deposit Co. of Maryland* v. *United States*, 187 U. S. 315, 319.

The legislative department in purporting by said § 37 to
confer jurisdiction of a petition for admission as an attorney
upon the Superior Court did not purport to exercise the
power resting exclusively in the judicial department of
controlling admission to the bar.  It purported merely to
designate a court which, concurrently with the Supreme
Judicial Court, should exercise the power of the judicial
department in this particular, subject, by necessary impli-
cation, to review by the Supreme Judicial Court in appro-
priate proceedings.  Obviously this power of the judicial
department must be exercised by some court or courts
within the judicial department, and some authority must
decide by which court or courts it shall be exercised.

The Superior Court, though established by statute and
not directly by the Constitution, as was the Supreme Judi-
cial Court (see art. 29 of the Declaration of Rights of the
Constitution of the Commonwealth; Part II, c. 2, § 1,
art. 13; c. 3, art. 2; *Walton Lunch Co.* v. *Kearney*, 236
Mass. 310, 317; *Commonwealth* v. *Leach*, 246 Mass. 464,
470) is a part of the judicial department of the Common-
wealth.  The Superior Court was established under the
authority conferred upon the General Court by the Consti-
tution, Part II, c. 1, § 1, art. 3, to "erect and constitute
judicatories and courts of record, or other courts" for the
adjudication of all matters over which the Commonwealth
validly can legislate.  *Commonwealth* v. *Leach*, 246 Mass.
464, 470.  The jurisdiction of the Superior Court may be
"modified, enlarged, diminished or transferred, in the same
manner as the jurisdiction of all other courts subordinate to
the supreme judicial court."  *Russell* v. *Howe*, 12 Gray, 147,
153.  *Commonwealth* v. *Leach*, 246 Mass. 464, 470.  The
court thus established "is a court of original and general
jurisdiction and possesses the inherent powers of such a
court under the common law, unless expressly limited, as
well as those conferred by statute."  *Matter of Stern*, 299
Mass. 107, 108.  See also *Randall, petitioner*, 11 Allen, 472.
In *De Propper, petitioner*, 236 Mass. 500, 501, it was said

that a "petition for admission to the bar is a proceeding at
law and not in equity," and procedural requirements appli-
cable to actions at law were treated as applicable to such a
petition. See also *Matter of Keenan*, 287 Mass. 577, 580–584;
*Matter of Mayberry*, 295 Mass. 155, 166–167. In the organ-
ization of the judicial department the Supreme Judicial
Court is primarily, though not exclusively, an appellate
court, and the Superior Court, though sharing its functions
with other courts of original jurisdiction and having other
important functions, is particularly a court for the hearing
and trial, in the first instance, of proceedings at common
law, involving ordinarily the determination of issues of
fact. However expedient it may be for the Supreme Judi-
cial Court to make rules of general application relating to
admission to the bar it cannot rightly be said that it is
inappropriate that a court of the nature of the Superior
Court should have jurisdiction to hear and determine,
subject to review by the Supreme Judicial Court, specific
proceedings at law, involving issues of fact, brought by
individuals for admission to the bar.

In *Opinion of the Justices*, 279 Mass. 607, 610, it was
said that no "sound distinction can be drawn with respect
to attorneys at law between the power to admit and the
power to remove under the terms of the Constitution."
The justices were speaking merely of the relative powers
of the judicial department as a whole — not of particular
courts within that department — and of the legislative
department. They cited, however, as illustrative of the
inherent jurisdiction of the judicial department of govern-
ment, cases brought in the Superior Court for the removal
of attorneys from their offices, in which it was held that the
power of that court so to remove an attorney, though recog-
nized by statute (see now G. L. [Ter. Ed.] c. 221, § 40), is
inherent and exists without a statute. See *Randall, peti-
tioner*, 11 Allen, 472; *Matter of Carver*, 224 Mass. 169, 172,
and cases cited; *Matter of Ulmer*, 268 Mass. 373, 397. See
also *Matter of Stern*, 299 Mass. 107, 109. Whether the
power to admit a person to the bar is so far comparable to
the power to remove an attorney therefrom that, apart

from statute, the Superior Court has the same inherent power with respect thereto need not be decided. We think, however, that, in view of the broad power of the General Court with respect to the jurisdiction of a statutory court of the nature of the Superior Court, said § 37, purporting to confer upon that court jurisdiction of petitions for admission to the bar, is to be regarded as a statute in aid of the performance of the duties of the judicial department, effectively conferring such jurisdiction upon the Superior Court — at least unless the Supreme Judicial Court by a valid rule excludes the Superior Court from such jurisdiction.

This construction of the statute is not open to the objection that it interferes with the constitutional power of the Supreme Judicial Court with respect to admission to the bar. Said § 37 does not purport to deny to that court jurisdiction of petitions for admission to the bar. On the contrary this section in terms purports to confer such jurisdiction. The argument, therefore, must be that the section is unconstitutional because it denies to that court exclusive jurisdiction of such petitions. Nothing that is said in *Opinion of the Justices*, 279 Mass. 607; 289 Mass. 607, imports that such jurisdiction rests exclusively in the Supreme Judicial Court. Those opinions go no further than to say that exclusive control of admission to the bar is in the judicial department as a whole. The most that could be inferred from this fundamental principle with respect to the jurisdiction of a particular court is that such jurisdiction is to be determined by the judicial department and not by the legislative department, so long, at least, as the particular court that is to have such jurisdiction is in its nature an appropriate court to exercise it. As already indicated, the Superior Court is such a court, even if that court, apart from statute, has not an inherent power to do so, as in the case of petitions for removal. The Supreme Judicial Court is not the only court that in its nature is an appropriate court to hear and determine such petitions. Indeed, an insistence by the legislative department that this court alone have jurisdiction of such petitions might conceivably constitute an interference with the judicial de-

partment. So far, however, as the jurisdiction of petitions for admission to the bar is a matter for determination by the judicial department, independent of the legislative department, such determination naturally must be made by the court that, under the Constitution, is the "supreme" court, and that, by a statute of long standing, has general supervisory powers over other courts — so far as that court sees fit to make such determination. G. L. (Ter. Ed.) c. 211, § 3. See *Commonwealth* v. *Cummings*, 3 Cush. 212, 214; *Connecticut River Railroad* v. *County Commissioners*, 127 Mass. 50, 58; *Barron* v. *Barronian*, 275 Mass. 77, 80; *Dolan* v. *Commonwealth*, 304 Mass. 325, 333. In the absence, however, of such a determination by the Supreme Judicial Court there is no interference by § 37 with the constitutional power of the Supreme Judicial Court with respect to control of admission to the bar, but it is to be assumed that that court has availed itself of said section as an aid in the performance of its duties with respect to that subject. The case of *Walton Lunch Co.* v. *Kearney*, 236 Mass. 310, 315–316, relied on in argument, is not in conflict with the conclusion here reached.

8. The argument that the Supreme Judicial Court has excluded the Superior Court from jurisdiction of petitions for admission to the bar is based upon the Rules of the Supreme Judicial Court in Relation to Attorneys, as last amended in 1935. See 252 Mass. 585, 611; 288 Mass. 571, 572; 292 Mass. 589. These rules do not in express terms purport to exclude the Superior Court from such jurisdiction. Even if the Supreme Judicial Court had power to effect this result by rule despite the express grant of jurisdiction to the Superior Court by said § 37, such a result is not to be implied unless clearly required by the language of its rules.

Though some of the provisions of the rules are expressed in general terms the rules are susceptible of being interpreted as applicable only to persons filing their petitions for admission in the Supreme Judicial Court, and not to all persons petitioning for admission. It can hardly be thought that the provision of Rule 5 relating to designation by the

Chief Justice of a justice to hear the petition of a disbarred person for admission (see 292 Mass. 589, 590–591) was intended to apply to any court other than the Supreme Judicial Court. That court would hardly interfere to this extent with the internal administration of another court. And there is, perhaps, another indication of such a limitation of the application of the rules in Rule 1 (see 252 Mass. 585, 611), providing that "Every application for admission as an attorney shall be made by a petition of the applicant, accompanied by the recommendation of an attorney of this court; which petition shall be filed with the clerk of the court, and entered on the docket." A rule in exactly this form — though with some additional matter not here material — was adopted by this court in 1876 (121 Mass. 600) shortly after the passage of St. 1876, c. 197, which statute for the first time required every applicant for admission — not admitted to the bar elsewhere, Gen. Sts. c. 121, § 33 — to "petition" for admission, and which authorized such an applicant to petition either the Supreme Judicial Court or the Superior Court. The provision for recommendation by "an attorney of this court" is, however, of little significance, since under the practice in this Commonwealth for many years a person admitted in any court is entitled to practise in any other court in the State. See Rev. Sts. c. 88, § 23; Gen. Sts. c. 121, § 32; Pub. Sts. c. 159, § 37; R. L. c. 165, § 41; G. L. (Ter. Ed.) c. 221, § 37. The words used obviously were intended to require that the recommendation be made by an attorney of the courts of this State, rather than of some other State. Moreover, the words "every application for admission" might not unnaturally be read as impliedly modified by the words "in this court." And this is true of other such general phrases throughout the rules.

If the rules are construed as applicable only to such petitions as may be filed in this court, they furnish no basis for an implication that this court has thereby excluded the Superior Court from jurisdiction of petitions for admission to the bar by any person, whether or not previously disbarred. And as a practical matter, apart from its bearing

upon the issues in the present case, it is now unimportant whether these rules are construed as limited to petitions filed in this court or are of more general application. The Superior Court has adopted substantially the same rules, either in terms or by incorporation of the rules of the Supreme Judicial Court. Rules 104, 105, of the Rules of the Superior Court (1932) as amended.

Even if the rules of the Supreme Judicial Court relating to attorneys are to be interpreted as of general scope applicable to "every application for admission as an attorney" made in the Commonwealth, there is no necessary implication therefrom that the Superior Court is excluded from jurisdiction of such applications. It is provided in these rules that "every application . . . shall be made by a petition" (Rule 1) and that "every such petition shall be filed with the clerk of the court for the county in which the petitioner last studied law" with the exception of petitions of persons who have studied in certain law schools, which "may be filed either in the county in which such law school is established, or in the County of Suffolk" (Rule 2, 252 Mass. 611, 612), and with the exception of petitions of persons who have been disbarred, which must be filed "with the clerk of the court for the county in which he was disbarred." Rule 3, 292 Mass. 589, 590. Obviously these references are primarily, at least, to venue as between counties rather than to jurisdiction as between courts. See *Paige* v. *Sinclair*, 237 Mass. 482, 483–484. The words "clerk of the court" may refer either to the appropriate court or to the court adopting the rules. The former interpretation is the more natural if the rules are of general application; the latter, if they are limited in their application to the court adopting the rules. These words have no tendency to show which interpretation is correct. And if the rules are of general application these words have no tendency to indicate an intention on the part of the court to deal with the jurisdiction of courts, and to exclude the Superior Court from jurisdiction of admission to the bar. Furthermore, the provision in Rule 3 that a person who has been disbarred "shall not become again an attorney except

upon an application for admission as an attorney in accordance with these rules" is similar in nature. If these rules are of general application, they apply to such a person applying to the Superior Court for admission as well as to a person so applying to the Supreme Judicial Court, but if they are limited to the Supreme Judicial Court they apply only to such a person applying to that court for admission. In neither event do they imply that such an application may not be made to the Superior Court. If the Supreme Judicial Court had intended by its rules relating to attorneys to exclude the Superior Court from jurisdiction to admit persons to the bar, whether or not they had been disbarred — assuming that it had power to do so — the matter is of such importance, especially in view of the express statutory grant of such jurisdiction to the Superior Court, that this court would hardly have left the matter without express provision therefor, or, at least, clearer implication than can be drawn from the language of the rules.

No implication is to be drawn from the rules of this court — whether they are to be regarded as of limited or general application, or as in part of general application relating to qualifications of applicants for admission, and in part of limited application relating to procedure in this court — that the Superior Court has no jurisdiction of a petition of a disbarred person for admission to the bar.

9. It follows from this construction of the statute and of the rules of this court that the Superior Court has jurisdiction of the petition and that there was no error in the ruling and order of the trial judge.

<em>Case to stand for hearing in the Superior Court.</em>