IN THE MATTER OF PAUL A. GARGANO. November 21, 2011. *Attorney at Law,* Disciplinary proceeding, Suspension. *Administrative Law,* Substantial evidence. *Due Process of Law,* Attorney disciplinary proceeding. *Constitutional Law,* Trial by jury.

The respondent, Paul A. Gargano, appeals from an order of a single justice of this court ordering that he be indefinitely suspended from the practice of law. We affirm.

*Background.* Bar counsel filed with the Board of Bar Overseers (board) a petition for discipline charging that Gargano mishandled a client's funds, including deducting fees for one of that client's cases from the settlement funds of another of the same client's cases without client authorization and failing to place disputed fees in an escrow account; knowingly made misrepresentations to a Federal Court and failed properly to supervise his associates in a matter in which he represented himself; and, in a different matter involving a different client, made knowing misrepresentations under oath and caused false affidavits to be filed by the client. A hearing committee found that Gargano violated a number of the Massachusetts Rules of Professional Conduct including Mass. R. Prof. C. 1.5 (b), 426 Mass. 1315 (1998); Mass. R. Prof. C. 1.15 (b), (c), and (d), 426 Mass. 1363 (1998); Mass. R. Prof. C. 3.1, 426 Mass. 1381 (1998); Mass. R. Prof. C. 3.3 (a), 426 Mass. 1383 (1998); Mass. R. Prof. C. 3.4 (b), 426 Mass. 1389 (1998); Mass. R. Prof. C. 5.1 (a) and (b), 426 Mass. 1405 (1998); Mass. R. Prof. C. 5.3, 426 Mass. 1408 (1998); and Mass. R. Prof. C. 8.4 (c), (d), and (h), 426 Mass. 1429 (1998). The committee recommended that Gargano be indefinitely suspended from the practice of law. The board agreed. The board filed an information that was heard by a single justice, who issued an order of indefinite suspension.

The following facts were found by the hearing committee and adopted by the board. Gargano represented one of his clients in three separate matters: a workers' compensation case; a personal injury case involving multiple defendants; and an eviction proceeding. The eviction proceeding resulted in a judgment against the client for approximately $12,000. A few months after the eviction judgment, the personal injury case was settled against one of the defendants for $40,000. Without the client's approval, Gargano deducted $13,000 from the settlement proceeds to pay his fees and expenses in the eviction action (he had never discussed with the client the fee that would be charged for defending the client in the eviction proceeding) and an additional

$3,000 as a retainer against further expenses in the personal injury case. Approximately eighteen months later, the personal injury case was settled against the remaining defendants for $43,000. Although the client agreed that $8,000 from the settlement proceeds could be used to settle the eviction matter, the client objected to a $2,000 deduction by Gargano for expenses. Gargano agreed not to take the deduction. Gargano failed, however, to credit the client with the $3,000 retainer deducted from the first settlement. There is no indication in the record that Gargano has yet returned the money.

Gargano also represented a different client in a workers' compensation matter, as successor counsel. Predecessor counsel delivered the case file to Gargano and also sent a notice of lien, by certified mail, to the Department of Industrial Accidents (department), the insurer, the client, and to an associate in Gargano's office. A letter from Gargano's office asked predecessor counsel to identify the extent of any lien and invited him to resolve the lien so as not to hinder the case in the future. Despite knowing about the lien, Gargano directed an associate to draft, and the client to sign, an affidavit swearing that Gargano's firm had represented the client throughout the workers' compensation proceedings. He also had the associate prepare and have the client sign a department lien disclosure form in which the client stated that there was no outstanding lien. After a settlement in the case was approved, predecessor counsel served a second notice of his lien on the department, the insurer, and Gargano's office. Predecessor counsel later filed a civil action against Gargano, his firm, and the insurer because the lien was never paid. In a deposition taken in that case, Gargano testified, falsely, that he had no knowledge of receiving either of the two lien notices sent by predecessor counsel or a third notice transmitted by facsimile to his office by the insurer. He also testified that the statement in the client's affidavit that Gargano's firm had represented him throughout the course of the workers' compensation proceedings was true. Predecessor counsel was ultimately awarded approximately $50,000 plus attorney's fees.

The remaining count in the petition for discipline concerned a Federal court action in which Gargano represented himself in a dispute with some contractors who were building a house for him in the Cayman Islands. Gargano filed the action in December, 2003, but it was dismissed for lack of personal jurisdiction. His appeal from the dismissal was denied. A few years later, in April, 2006, Gargano filed a new complaint against the same defendants in the same court. The defendants filed a motion to dismiss and a motion for sanctions on the basis that the previous case had been dismissed. After the motion to dismiss was allowed, Gargano filed an untimely opposition arguing that in filing the second action, he was relying on a case decided by this court that neither the parties nor the court had considered in the first action. Both Gargano and the defendants, however, had in fact cited to that case in memoranda in the first action. Gargano later filed a motion to reconsider the dismissal of the second Federal action. In addition to denying the motion, the court sanctioned Gargano pursuant to Fed. R. Civ. P. 11. Gargano moved for reconsideration of the order imposing sanctions. Included with his motion was an affidavit purportedly signed by one of his associates. That associate, however, testified at Gargano's disciplinary hearing that he had not prepared or signed the affidavit and that, prior to the hearing, he was unaware of it.

*Discussion.* The respondent raises, in essence, three arguments: that the

board's findings are not supported by substantial evidence; that his due process rights were violated in the course of the board proceedings; and that he is entitled to a jury trial.

1. *Substantial evidence.* a. *Count I.* As to count I, which involves Gargano's mishandling of his client's funds and, in particular, his failure to credit his client for a $3,000 retainer, Gargano does not dispute that the client was not credited the money. Instead, he suggests that, among other things, the retainer was handled by an accountant and that any error was therefore the accountant's fault. In making this argument, he ignores the board's finding, based on the testimony of several of Gargano's employees as well as Gargano himself, that Gargano personally managed the details of, and made all decisions related to, his office. Furthermore, and as the board stated, Gargano is ultimately responsible for managing the financial dealings of his firm. See Mass. R. Prof. C. 5.3.

b. *Count II.* This count involves Gargano's representation of himself in the Federal court dispute with contractors who were building him a house. After Gargano's complaint was dismissed with prejudice, he filed a second complaint and argued, in an opposition to the defendants' motion to dismiss the second complaint on the basis that it was in all relevant respects the same as the first complaint, that the first complaint had overlooked a particular opinion of this court. This was not true — Gargano himself had cited the case in papers related to the first complaint. Gargano's current argument seems to be that the wrong case was cited in the opposition to the motion to dismiss and that there was a new case that was relevant that should have been cited instead. He once again seeks to blame someone else, in this instance his employee who drafted the relevant papers, for the error. We note, again, the finding by the board that Gargano was in charge of everything that happened in his office.

Significantly, the hearing committee specifically did not credit Gargano's testimony that he had not reviewed the opposition. We "accord to the hearing committee the position of 'the sole judge of the credibility of the testimony presented at the hearing.' " *Matter of Saab*, 406 Mass. 315, 328 (1989), quoting S.J.C. Rule 4:01, § 8 (3), as appearing in 381 Mass. 784 (1980). Gargano was responsible for the papers filed. Those papers erroneously indicated that the basis for the second complaint was that a particular case had been overlooked. Gargano cannot avoid the fact that in making this claim, he knowingly made a misrepresentation to the court. The board's decision regarding Gargano's actions are clearly supported by substantial evidence.

c. *Count III.* Gargano fares no better in arguing that the third count, involving the attorney's lien from predecessor counsel in a client's workers' compensation case, is unsupported by substantial evidence. Specifically, Gargano argues that he was unaware of the lien and that no notice of the lien was introduced during the board proceedings. On the contrary, multiple copies of the notice of lien prepared by predecessor counsel were entered into evidence. Given, again, the fact that Gargano personally managed all of the affairs of his office, there is no basis for Gargano's claim that he was unaware of the lien, and the hearing committee did not credit Gargano's testimony to this effect. Again Gargano seeks to place the blame elsewhere. As we have already noted, such efforts do not aid him.

2. *Due process.* In addition to arguing that there was a lack of substantial evidence to support the board's findings, Gargano argues that his due process

rights were violated in the course of the board proceedings. "In a disbarment proceeding an attorney is entitled to procedural due process which includes fair notice of the charges and an opportunity for explanation and defense." *Matter of Kenney*, 399 Mass. 431, 436 (1987), citing *In re Ruffalo*, 390 U.S. 544, 550 (1968). Gargano was not deprived of either of these. To the extent that he argues that certain actions by the hearing committee somehow infringed on his "opportunity for explanation and defense," there is no merit to these arguments.

He appears to argue, for example, that he was given insufficient opportunity to contest a motion by bar counsel regarding issue preclusion on certain matters relevant to count II. Gargano had a fair opportunity to respond to the motion. Furthermore, in determining that the hearing committee did not err in allowing the motion, the board noted that "even without invoking the [issue preclusion] order, there was sufficient evidence in the record . . . to support the . . . findings as to [Gargano's] lack of subjective good faith in bringing the second action."

Gargano raises other arguments as well regarding his due process rights. Among them is the suggestion that bar counsel intended to call certain witnesses but then did not do so, depriving Gargano of his right to examine those witnesses. It appears that Gargano was free to call those witnesses himself, and the record clearly indicates that he chose not to do so.

3. *Jury trial*. We turn, finally, to the respondent's argument that he is entitled to a jury trial. He states, correctly, that a license to practice law is a property right of which he cannot be deprived without due process. *Matter of Saab*, *supra* at 323, citing *Matter of Kenney*, *supra* ("The respondent's license to practice law is a property interest that cannot be suspended without due process of law"). He is incorrect, however, that this entitles him to a jury trial. See *Matter of Carver*, 224 Mass. 169, 172 (1916), and cases cited.

4. *Sanction*. Gargano has made no argument that the sanction of indefinite suspension recommended by the board and imposed by the single justice is markedly disparate from the sanctions imposed in other cases involving similar circumstances. We have reviewed the record, and, for the reasons set forth in the decision of the single justice, agree that indefinite suspension is the appropriate sanction.

*Conclusion*. The order of the single justice is affirmed.[1]

*So ordered.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Paul A. Gargano*, pro se.

*Jeffrey D. Woolf*, Assistant Bar Counsel.

---

[1]To the extent that Gargano raises additional arguments that have not been specifically addressed, we have considered and rejected them.