Fishman, Kenneth J., J.
This matter comes before this Court on the plaintiffs’ motion to reinstate their G.L.c. 93A claims against the defendants, which were dismissed by this Court’s Order, dated April 7, 2010. The plaintiffs are the administrators of the estates of three students and one teacher who drowned while swimming off the coast of Costa Rica during an educational tour. The mother of one of the students also asserts an individual claim. The defendants marketed and sold the tour. The plaintiffs’ third amended complaint alleged, among other claims, that the defendants violated G.L.c. 93A by engaging in certain misrepresentations and deceptive business practices. The defendants moved for summary judgment on the plaintiffs’ G.L.c. 93A claim, arguing that, before participating in the tour, the decedents executed releases discharging the defendants from liability. After a hearing, this Court granted the defendants’ motion for summary judgment and dismissed the plaintiffs’ G.L.c. 93A claims. Upon reconsideration, the plaintiffs’ motion for reinstatement is hereby ALLOWED. This Court’s prior Memorandum of Decision and Order on the defendants’ Motion for Summary Judgment is hereby VACATED, to the extent it granted summary judgment on Count XIV. The defendants’ motion for summary judgment is hereby DENIED as it relates to the plaintiffs’ G.L.c. 93A claims.
BACKGROUND
The factual background of this case is set forth in this Court’s Memorandum and Order, dated April 7, 2010. Following this Court’s Order, the plaintiffs filed a petition for interlocutory relief pursuant to G.L.c. 231, §118. On May 7, 2010, the Appeals Court (Trainor, J.) denied the plaintiffs’ interlocutory appeal without a hearing. Several months later, the plaintiffs filed the present motion to reinstate their G.L.c. 93A claim with the Superior Court. The plaintiffs assert that their case is factually distinguishable from the Rule 1:28 Decision upon which this Court relied, Haggerty v. Tokio Fire & Marine Ins. Co., Ltd., 51 Mass.App.Ct. 1103, 2001 WL315361 (2001). Instead, the plaintiffs contend that this Court should base its decision upon a Massachusetts District Court case, Doe v. Culture Care, Inc., 2011 WL 1048624 (D.Mass. 2011), which they argue is more factually analogous. Doe was decided after both this Court’s Order and the Appeals Court’s denial of the plaintiffs’ interlocutory appeal. The defendants assert that this Court’s order was correct, that this Court lacks jurisdiction to overrule the Appeals Court’s denial of the plaintiffs’ interlocutory appeal, that Doe, a federal district court case, is not controlling, and that Doe is factually dissimilar to the present case.
DISCUSSION
A. Standard of Review
Because the plaintiffs request that this Court reconsider its dismissal of their G.L.c. 93A claims, this Court will treat this motion as one for reconsideration under Superior Court Rule 9D. A court retains the power to reconsider a case, issue, or question of law until it renders a final judgment. Peterson v. Hopson, 306 Mass. 597, 603-04 (1940). When there has been no material change in circumstances, a court is not required to reconsider an issue. King v. Globe Newspaper Co., 400 Mass. 705, 707 (1987); Peterson, 306 Mass. at 599. However, a court should correct any error in an announced decision while it still has the power to do so. Franchi v. Stella, 42 Mass.App.Ct. 251, 258 (1997).
B. The Plaintiffs’ G.L.c. 93A Claim
The parties disagree as to which authority is binding upon this Court. The defendants argue in favor of Haggerty, a 2001 Massachusetts Appeals Court opinion decided pursuant to Rule 1:28, while the plaintiffs argue for Doe, a Massachusetts District Court case. Of course, neither decision constitutes binding authority. See Chace v. Curran, 71 Mass.App.Ct. 258, 260 n.4 (2008); Ji v. Bose Corp., 626 F.3d 116, 122 (1st Cir. 2010). For the reasons explained below, this Court is persuaded to follow the reasoning of the Doe court.
Doe involved a mother who engaged an au paire service to care for her son. 2011 WL 1048624 at *1. To participate in the program, the mother executed a release relieving the service from any liability for the au paire’s actions. Id. at *2. After completing the release, the mother hired an au paire, who later sexually abused her son. Id. The United States District Court determined that the mother’s release did not bar a G.L.c. 93A claim against the au paire service. Id. at *8. Haggerty, on the other hand, involved a plaintiff who was injured in a car accident and subsequently brought a tort action against the driver. 2001 WL 315361 at *1. The parties eventually reached a settlement agreement, and the plaintiff executed a broad release stating that she was settling all claims arising from the dispute. Id. The Appeals Court, in a decision pursuant to Rule 1:28, held that the release prevented the plaintiff from later bringing a G.L.c. 93A action. Id. at *2.
The present case is more factually similar to Doe than Haggerty. The release in Haggerty was signed after the plaintiff was injured in the car accident. 2001 WL 315361 at *1. The Haggerty plaintiff was already aware of the facts of her case when she executed the release, and she made the decision to settle her claims and forgo further litigation with that knowledge. Id. By contrast, the plaintiff in Doe signed the release before any harm took place. 2011 WL 1048624 at *2. As the *248 Doe court noted in distinguishing Haggerty, “the release applies to anticipatory claims unknown at the time the agreement was executed.” Id. at *6. Like the plaintiffs in the present case, the Doe plaintiff did not know that the defendants would later allegedly engage in fraud and misrepresentations. Id. at *2.
Moreover, unlike Haggerty, Doe is consistent with Canal Elec. Co. v. Westinghouse Elec. Corp., 406 Mass. 369 (1990), the controlling Massachusetts case regarding the disclaimer of statutory rights. In Canal, the Supreme Judicial Court held that “[a] statutory right may not be disclaimed if the waiver could ‘do violence to the public policy underlying the legislative enactment.’ ” 406 Mass, at 378, quoting Spence v. Reeder, 382 Mass. 398, 413 (1981). As a result, the Court “ordinarily would not effectuate a consumer’s waiver of rights under c. 93A.” Canal, 406 Mass. at 378 (emphasis in original). This is because the “ ‘primary goal’ of c. 93A is the ‘protection of consumers.’ ” Doe, 2011 WL 1048624 at *7, quoting V.S.H. Realty, Inc. v. Texaco, Inc., 757 F.2d 411, 416 (1st Cir. 1985). As Doe correctly held, allowing a business to avoid liability under G.L.c. 93A by requiring customers to sign a wavier would counteract the public policy surrounding the statute. 2011 WL 1048624 at *8.
This Courtis not persuaded that Doe is distinguishable from the case at bar because Doe involved a claim of consumer fraud. The defendants argue that the plaintiffs make no allegations comparable to the Doe plaintiffs’ claims of “fraudulent representations and practices.” Id. However, the plaintiffs allege that the defendants engaged in several “misrepresentations and deceptive business practices,” specifically by falsely advertising the safety of the tours, the safety of the participants, and the qualifications of the defendants’ representatives. The fact that Doe involved allegations of “consumer fraud” while the present case involves “misrepresentations and deceptive business practices” does not distinguish one case from the other. Both cases fall within the purview of G.L.c. 93A’s prohibition against “unfair or deceptive acts or practices in the conduct of any trade or commerce.” Allowing businesses to use waivers to avoid liability would violate the public policy of the statute whether the claims involved consumer fraud or misrepresentations.
The defendants raise several additional arguments against the reinstatement of the plaintiffs’ G.L.c. 93A claims. First, the defendants claim that this Court’s Order of April 7, 2010 is the “law of the case, ” and thus should not be overturned. However, a court retains the power to reconsider a case, issue, or question of law until it issues a final judgment. Peterson, 306 Mass. at 603-04.
Next, the defendants contend that this Court lacks the authority to revisit this issue because the Appeals Court has denied the plaintiffs’ interlocutory appeal. The defendants maintain that reinstating the plaintiffs’ G.L.c. 93A claims would in effect overrule the Appeals Court. However, “[i]t is within the judge’s discretion ... to reconsider interlocutory orders during the pendency of a case.” Commonwealth v. Damiano, 444 Mass. 444, 445 n.3 (2005). Moreover, the Appeals Court did not adjudicate the plaintiffs’ petition on its merits, but rather simply declined to hear it. As the defendants note, the Appeals Court never held a hearing or requested a brief from the defendants. In addition, the Appeals Court did not have the benefit of Doe, a case more factually analogous to the present one than Haggerty. In re Keenan, 310 Mass. 166 (1941), relied upon by the defendants, is not applicable here. It concerned the jurisdiction of the Superior Court over a disbarred attorney’s admission to the bar, not the reconsideration of an issue that was previously the subject of an interlocutory appeal. This Court does not overrule the Appeals Court by reinstating the plaintiffs’ G.L.c. 93A claims.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs’ Motion for Reinstatement is ALLOWED. This Court’s prior Memorandum and Order dated April 7, 2010, is VACATED to the extent it granted summary judgment on Count XIV, and the defendants’ Motion for Summary Judgment is DENIED as it relates to the plaintiffs’ G.L.c. 93A claims.