Leibensperger, Edward P., J.
Plaintiff Steven Elsesser brings this personal injuiy action against defendants for permanent scarring sustained following the laser removal of the hair between his eyebrows. Elsesser asserts claims of negligence, negligent infliction of emotional distress, and violation of G.L.c. 93A, §4. Defendants seek summary judgment on Elsesser’s claims based upon a form of release signed by Elsesser. For the reasons that follow, defendants’ Motion for Summary Judgment is DENIED.[2]
BACKGROUND
The following is a summary of undisputed facts taken from the record. Elsesser went to defendants for the removal of unwanted hair between his eyebrows. During his initial consultation at defendants’ business, Sleek MedSpa, Elsesser initialed the paragraphs and signed his name at the bottom of two forms. The first form, entitled “Informed Consent,” described various risks of the procedure using the “Soprano XL” device. It contained no release language. The second form, also entitled “Informed Consent,” contained various disclosures by defendants and confirmations from plaintiff (e.g. consent to photographs), and the following:
I further understand that there is possibility of unusual side effects from any of these treatments such as scarring and permanent discoloration. There can also be short-term side effects of any of these treatments such as reddening, mild burning, temporary discoloration of the skin. These possible effects have been explained to me. _ (please initial).
I will not hold Sleek Medspa, its owners or its employees responsible for the hair reduction or skin treatment results I experience. I realize that my skin and hair is an organ unique to me and that therefore results may vary. I further understand that Sleek Medspa cannot prescribe an exact number of treatments to satisfy each individual’s opinion and that number of treatments I compete will be at my own discretion:_(please initial).
Elsesser read the documents before initialing and signing, and he concedes that their execution was not tainted by illegality, fraud, duress, or unconscionability.
Elsesser claims that he selected Sleek MedSpa because it presented itself as the highest quality option for laser hair removal in Boston. Elsesser testified that he formed this opinion based on information on Sleek MedSpa’s website. At Elsesser’s initial consultation, the technician explained how the laser treatment works and opined that Elsesser was a good candidate because he had fair skin and dark hair. The technician stated that because of the contrast between his skin and hair, side effects were rare. Elsesser testified that the procedure was “uncomfortable” and stated that it was “incredibly painful" on sensitive areas. During one laser pulse, Elsesser experienced pain and cried out “Ouch!” Elsesser testified he suffered a burn corresponding in size to the laser’s aperture.
Elsesser claims that defendants were negligent by (1) failing to properly administer his laser hair removal and skin treatment, (2) not having a licensed physician involved in assessing the laser therapy process, and (3) failing to properly treat the bums that resulted from the laser procedure. Elsesser contends that as a result of this negligence, he suffered extreme emotional distress and anguish. Lastly, Elsesser maintains that defendants violated G.L.c. 93A by making false statements on their website, assuring consumers that skilled/trained personnel would administer the treatment when defendants knew that their staff was not so skilled/trained.[3]
DISCUSSION
Summary judgment is granted when there is no genuine issue as to any material fact, and the moving parly is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c). The moving party may prevail on its motion by demonstrating by reference to materials properly in the summary judgment record, unmet by countervailing materials, that the party bearing the burden of proof at trial has no reasonable expectation of proving an essential element of its case. Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006), citing Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). To survive summary judgment, the non-moving party must set forth specific facts with affidavits, deposition testimony, answers to interrogatories, or admissions on file showing that a genuine issue of fact exists. Mass.R.Civ.P. 56(e); Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002).
The party who seeks to rely on a release of liability bears the initial burden of raising the issue as an affirmative defense. Sharon v. Newton, 437 Mass. 99, 102 (2002), citing Mass.R.Civ.P. 8(c). When the defense of release is properly raised, the burden shifts to the plaintiff to show the release does not bar the suit. Id. at 103 n.6. Defendants claim that the informed consent form Elsesser signed prior to receiving treatments constitutes a release of liability that precludes Elsesser from maintaining any negligence-based or c. 93A claim. Although Elsesser acknowledges that he signed the form containing some release language, he contends that the scope of the release does not extend to the injuries he suffered as a result of the treatment. Elsesser claims that the release language operated to limit liability only as to dissatisfaction with the aesthetic outcome achieved by defendants’ laser hair removal treatment.
I. Negligence
“A party may, by agreement, allocate risk and exempt itself from liability that it might subsequently incur as a result of its own negligence.” Id. at 105 *124 (citations omitted). The Sharon court reasoned that the document need not be entitled “release” to relieve a party from future negligence. Id. That court upheld a general release signed by a parent as to “any and all actions, causes of action, [and] claims ... on account of, or in any way growing out of, directly or indirectly, all known and unknown personal injuries . . .” from a child’s voluntary participation in a nonessential activity, high school cheerleading. Id. at 109.
In this case, the operative release language in the informed consent form is “I will not hold Sleek Medspa, its owners or its employees responsible for the hair reduction or skin treatment results I experience” (emphasis added). That sentence is followed by a confirmation that “results may vary.” The form contains no explicit release of “all claims”, arising out the treatment.
Interpretation of a contract, such as a release, is ordinarily a matter of law for the court. See Seaco Ins. Co. v. Barbosa, 435 Mass. 772, 779 (2002). A question of fact to be determined by a juiy only arises where a contract contains ambiguous or uncertain terms. Id. (citations omitted) (where ambiguous terms exist, interpretation “turns on the ‘expectations and intentions of the parties, at the time of agreement with regard to the future effect of [the release]’ ”). As the Supreme Judicial Court stated in Leblanc v. Friedman, the question of whether certain injuries are covered by the scope of a release can, in certain instances, be a mixed question of law and fact. 438 Mass. 592, 597-98 (2003). For example, where a release does not explicitly make reference to “unknown injuries,” the question of whether the release encompasses such injuries depends on the intention of the parties, which is question of material fact. Id., citing LaFleur v. C.C. Pierce Co., 398 Mass. 254, 259-62 (1986).
The initial question here is whether the contractual provision that Elsesser signed is, as a matter of law, a general release that relieves defendants from any and all liability associated with the laser hair removal treatment. See Lablanc, 438 Mass. at 598, citing Schuster v. Baskin, 354 Mass. 137, 140-41 (1968) (general release disposes of “all claims and demands arising out of any transactions” even if the parties did not envision such claims at the time of signing such release). See also Eck v. Godbout, 444 Mass. 724, 728 (2005) (determining that the language referencing the parties’ specific concerns does not limit the scope of an otherwise broad release). Upon examination, defendants’ release fails to employ the broad language that courts have determined to be a characteristic of a general release. See Leblanc, 438 Mass. 458; Sharon, 437 Mass. at 105. Instead, defendants’ release limits liability to claims related to “the hair reduction or skin treatment results” that customers experience. There is no general release language.
The question then becomes whether defendants’ limited release extends to the negligence-based claims that Elsesser seeks to maintain. The plain language of the release does not provide the court with further guidance on this point, as the release fails to define the phrase “hair reduction or skin treatment results.” This phrase is ambiguous because it is capable of more than one reasonable interpretation. See Sullivan v. Southland Life Ins. Co., 67 Mass.App.Ct. 439, 442 (2006) (contractual term is ambiguous “if it is susceptible of more than one meaning and reasonably intelligent persons would differ as to which meaning is the proper one”). The phrase may refer to cosmetic results only, but may also extend to the medical side effects listed in the informed consent form. Thus, a genuine issue of material fact exists as to the parties’ intent regarding the scope of the phrase “hair reduction or skin treatment results.” As a result, Defendants are not entitled to summaiy judgment on Elsesser’s negligence and negligent infliction of emotional distress claims based on the defense of release.[4]
II. Violation of Chapter 93A
Defendants also claim that the release bars Elsesser from maintaining a c. 93A claim. For the same reasons stated above, the court cannot find as a matter of law that the scope of the release covers this claim. The language of the Informed Consent document does not purport to limit or release claims for unfair or deceptive acts.
Moreover, the putative release cannot bar Elsesser’s c. 93A claim. In Canal Elec. Co. v. Westinghouse Elec. Corp., 406 Mass. 369, 378 (1990), the Supreme Judicial Court stated that “we ordinarily would not effectuate a consumer’s waiver of rights under c. 93A” (emphasis in original). Elsesser’s consumer protection claim is based on reliance on alleged false and misleading advertising on Sleek MedSpa’s website. Such claims implicate the public policy behind c. 93A consumer claims and, thus, may not be released in advance. See Tongier v. EF Institute for Cultural Exchange, 29 Mass. L. Rptr. 246, 2011 WL 7090713 at *2-3 (Mass.Super. 2011) (Fishman, J.) (determining that business engaged in conducting educational tours may not rely on pre-injury release to waive c. 93 claim brought by estates of students, based on false and misleading advertising related to safety of the tours and qualifications of tour guides), citing Doe v. Cultural Care, Inc., 2011 WL 1048624 at *7-8 (D.Mass. 2011) (Casper, J.). Consequently, defendants are not entitled to summary judgment on Elsesser’s c. 93A claim based on the defense of release.
ORDER
For the reasons stated above, Defendants’ Motion for Summaiy Judgment is DENIED. Elsesser’s Motion to Amend the Complaint is ALLOWED. Defendants’ Motion to Strike is ALLOWED.

 Elsesser moves to amend the complaint to include Kristen C. Pierce as a defendant. Based on the analysis below, this motion is ALLOWED.

 Defendants moved to strike facts Included by plaintiff in the record based upon a photocopy of what appears to be defendants’ website. Defendants argue that the facts are not properly authenticated. Plaintiff included copies of the website documents in the record but did not verify the documents by affidavit. Accordingly, the documents may not be considered. See Mass.R.Civ.P. 56(c) and Superior Court Rule 9A(b)(5)(iv). Thus, defendants’ motion to strike is ALLOWED.

 Defendants argue that the separate paragraph of the second Informed Consent document, quoted above, lists the side effects Elsesser suffered and by doing so, conclusively establishes that the release envisioned these circumstances. The court disagrees. There are disputed issues of fact as to the meaning of the language in the document. The paragraph describing side effects may reasonably indicate only informed consent, which is not at issue in this motion. See Halley v. Birbiglia, 390 Mass. 540, 548 (1983) (defining elements required to prevail on theory of informed consent against medical professional).